**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JOSE FLORES, JEAN ROMERO-RODRIGUEZ, and BRANDON VILLAREAL, Individually and On Behalf of All Others Similarly Situated, | § § § § § § | CIVIL ACTION NO. _____ |
| *Plaintiffs*, | | |
| vs. | § § | |
| FS BLINDS, LLC, | § § | JURY TRIAL DEMANDED |
| *Defendant*. | § | |

## PLAINTIFFS' COMPLAINT

Plaintiffs Jose Flores, Jean Romero-Rodriguez, and Brandon Villareal, individually and on behalf of all others similarly situated (and collectively referred to as "the Lead Plaintiffs"), now file this Complaint against Defendant FS Blinds, LLC, complaining of its violations of the Fair Labor Standards Act. In support, the Lead Plaintiffs state as follows.

### PARTIES

1.      Plaintiff Jose Flores (hereafter "Flores") is a natural person who resides in Cypress, Texas. His consent to participate in this collective action is attached to this Complaint as Exhibit A.

2.      Plaintiff Jean Romero-Rodriguez ("Romero-Rodriguez") is a natural person who resides in Katy, Texas. His consent to participate in this collective action is attached to this Complaint as Exhibit B.

3.      Plaintiff Brandon Villarreal ("Villareal") is a natural person who resides in Conroe, Texas. His consent to participate in this collective action is attached to this Complaint as Exhibit C.

4.      Defendant FS Blinds, LLC is a Texas Limited Liability Company with its principal office in Farmers Branch, Texas. It may be served with the summons and complaint by delivering

the same to its registered agent for service of process, Barry W. James, 721 East Texas Avenue, Baytown, TX, 77520, wherever else he may be found, or as may otherwise be permitted under the Federal Rules of Civil Procedure.

## JURISDICTION AND VENUE

5.     The Court has federal question jurisdiction over the subject matter of The Lead Plaintiffs' claims pursuant to 28 U.S.C. § 1331 because they arise under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*

6.     The Court has general personal jurisdiction over Defendant because it is a Texas business that regularly transacts business within the state of Texas.

7.     Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this suit occurred within this judicial district.

## FACTS

8.     Defendant FS Blinds is a Texas-based company that is part of a larger family of companies that markets itself as FS Builder Resources.

9.     Defendant is a provider of blinds, which it primarily sells to large homebuilders. These customers are constructing homes for sale in large communities, and therefore have a substantial need for the installation of blinds in the houses being constructed for their own customers.

10.     Defendant provides these services throughout the greater Houston metropolitan area, as well as in and around Dallas, Austin, and San Antonio, Texas, as well as Baton Rouge, Louisiana.

11.     FS Blinds has at all relevant times been subject to regulation by the Fair Labor Standards Act.  This is because it has annual dollar volume of business of at least $500,000, had at

least two employees, and those employees were engaged in commerce in the form of installing blinds and using other goods or materials that themselves had been moved in or produced for commerce.

12.     The Lead Plaintiffs are or were installers who work or have worked for the Defendant in and around the greater Houston area.

13.     Flores, for example, is a former employee of FS Blinds who worked for Defendant for approximately 1 ½ years.  Romero-Rodriguez is a current employee who has worked for Defendant for approximately eight months.  Villarreal is a former employee of Defendant; he was employed for approximately one year.

14.     Defendant does not pay its installers a salary or hourly rate for their work.  Instead, the Defendant pays them on a piece-work basis, meaning that they receive small amounts for each discrete task that they perform.  For example, they receive $4 per blind they install, and lesser amounts for performing repairs or measuring spaces for future installation of blinds.

15.     Defendant has chosen to deliberately misclassify its installers as "independent contractors", even though the installers display the hallmarks of employment as opposed to being independent contractors genuinely in business for themselves.  In doing so, Defendant has failed to abide by its obligation to withhold income, Social Security, and Medicare taxes, and has likewise avoided its own obligation to pay Social Security and Medicare taxes on behalf of its workers.

16.     The Lead Plaintiffs and other similarly-situated installers are not independent contractors.  They are in no sense in business for themselves.  They are economically dependent on the work the Defendant provides to them.  The Defendant controls both the amount of work its installers have and what assignments they are to perform.  When installers decline assignments when given, or refuse to do work on a day off at Defendant's request, then the Defendant retaliates against

them by limiting the amount of work assigned the next day.  Nor do the installers have any real opportunity for profit or loss.  They make no investment in facilities of any kind.  And they have fairly permanent relations with FS Blinds, especially inasmuch as their relationship with Defendant represents their full-time job.  They do not operate independent installation businesses on the side, or have stables of customers who call them when they needed to buy blinds or have them installed.  Nor are they in the business selling or installing blinds.  Rather, they spend (or spent) their very long workdays doing work for the Defendant.  In no sense as a matter of economic reality were the Lead Plaintiffs or their fellow installers in business for themselves.

17.     A typical day for Flores, Romero-Rodriguez, and Villareal involved first going to the Defendant's offices in Pearland, Texas.  That is where they would be given their assignments for the day.  They would then pull from the Defendant's facility the materials that the Defendant's customers had ordered, load their vehicles, and begin their day traveling from worksite to worksite installing blinds, measuring spaces for the future installation of blinds, or returning to prior jobsites to make repairs on installations that they or their fellow installers had previously done.

18.     The Defendant did not maintain any records of the Lead Plaintiffs' actual work hours.

19.     The Lead Plaintiffs typically worked around 14 hours a day, five days per week. Sometimes they worked more and sometimes less.

20.     At all relevant times, the Lead Plaintiffs and their fellow installers were non-exempt employees as that term is understood under the Fair Labor Standards Act.  This means that they were entitled to overtime compensation for all hours worked in excess of 40 hours per week.

21.     For example, for the week of September 22, 2019, Flores received a grand total of $1,321.00.  Based on his typical 70 hour workweek, that would be a regular rate (for that week) of $18.87.  For the 30 hours of overtime he estimates that he worked, Flores was entitled to an

additional $283.05 (i.e., 30 hours times the half-time overtime premium of $9.435/hour).  Including the liquidated damages that are mandatory under the Fair Labor Standards Act, for that one week alone the defendant owes Flores $566.10 in unpaid wages and penalty damages.

22.     Throughout the Lead Plaintiffs' employment, moreover, Defendant regularly made illegal deductions from their pay in order to cover the costs of materials that were used for the Defendant's benefit.  This included things like charging the Lead Plaintiffs for screws, back-charging them for repairs on prior installations (sometimes even dunning them for another installer's mistakes, and charging them a multiple over what it had paid for the installation in the first place), or failing to reimburse the Lead Plaintiffs for the mileage and other expenses associated with their personal vehicles.  In doing so, Defendant took illegal kickbacks in violation of the FLSA's requirement that wages be paid finally and unconditionally, or "free and clear".  *See* 29 C.F.R. § 531.35.

23.     Plaintiffs and their fellow installers were all non-exempt employees as that term is defined by the Fair Labor Standards Act.

24.     FS Blinds was at all relevant times the Lead Plaintiffs' employer, as that term is defined by the Fair Labor Standards Act.

25.     As non-exempt employees, each of the Lead Plaintiffs were entitled to receive overtime pay for hours worked in excess of forty hours per week but the Defendant failed to pay them such overtime wages.

<u>COLLECTIVE ACTION ALLEGATIONS</u>

26.     The Lead Plaintiffs bring this complaint as a collective action pursuant to 29 U.S.C. § 216(b).  In doing so, they seek to represent a class of persons ("Class Members") who – within the past three years and to the present time – were, are, or hereafter will be engaged by Defendant as

installers or other workers assigned to perform services for its customers and who were not paid overtime compensation for hours worked in excess of forty hours per workweek. This definition is articulated without regard to whether the defendant classified such worker as a "independent contractor" or "employee".

27.     Per 29 U.S.C. § 216(b), this action may be brought as an "opt-in" collective action for the claims asserted by Plaintiff because Plaintiffs' claims are similar to – if not identical – to the claims possessed by other Class Members.

28.     The Lead Plaintiffs have actual knowledge that Class Members who worked for the Defendant, like them, were not paid overtime to which they were due.

29.     The Lead Plaintiffs are similarly situated to the Class Members, and they all have been subjected to a common practice, policy, or plan of failing or refusing to pay overtime premium pay, in clear violation of the FLSA.

30.     Indeed, on the website of FS Builders the company touts the commonality of FS Blinds' services, indicating that it maintains inventory and fabrication equipment within each location it serves, and that each home "is field measured by an experienced professional to ensure a perfect fit." Those professionals include (or included) both the Lead Plaintiffs and the Class Members.

31.     The names, addresses and other contact information for the Class Members are discoverable from the Defendants. To the extent required by law and authorized by the Court, notice will be provided to these individuals via mail and/or using techniques and a form of notice similar to those customarily used in representative actions like this one. If Class Members come forward even before the Court certifies this case for collective action handling, consents to participate will be filed with the Court.

32.     Although the exact amount of damages may vary among the Class Members, damages can be calculated, summed, and allocated based on a common mathematical formula.

33.     The claims of the Lead Plaintiffs and the Class Members arise from a common nucleus of operative facts, namely the continued and willful failure of Defendants to comply with their obligations to compensate their employees as required by the FLSA.

34.     As such, the Lead Plaintiffs propose a class of similarly situated Class Members defined as follows:

> **All current and former installers or other workers, whether labeled as a "contractor" or "employee" who were, are, or hereafter will be engaged by the Defendant during the three years preceding the issuance of Notice authorized by the Court to perform services for its customers and who were not paid overtime compensation for hours worked in excess of forty hours per workweek.**

### FIRST CAUSE OF ACTION: VIOLATION OF
### 29 U.S.C. § 207 (LEAD PLAINTIFFS AND THE CLASS)

35.     Romero-Rodriguez is currently employed by Defendant.  Flore and Villareal were each formerly employed by Defendant.

36.     At all times relevant to this Complaint, FS Blinds was the "employer" of the Lead Plaintiffs and the Class Members.

37.     Defendants violated the FLSA by failing to pay the Lead Plaintiffs and the Class Members overtime based on the formula set forth in the statute.

38.     For all time worked in excess of forty hours in each individual workweek, Plaintiffs and the Class Members were entitled to be paid one and one-half times their regular rates.  29 U.S.C. § 207.

39.     The Defendant has therefore violated the FLSA by failing to pay the Lead Plaintiffs and the Class Members in a manner consistent with the FLSA's requirements.

40.     No exemption provided in the FLSA or recognized by the Courts authorized the Defendant to fail to pay overtime to Plaintiffs or other members of the Class.

41.     Defendant's failure to pay overtime to the Lead Plaintiffs and the Class Members was willful within the meaning of 29 U.S.C. § 255(a).

42.     The Lead Plaintiffs and the Class Members are entitled to recover all unpaid wages that they are owed pursuant to the FLSA.  This includes recovering such sums that with withheld from their paychecks or that the Defendant otherwise failed to reimburse them for in violation of the FLSA's anti-kickback requirement.

43.     In addition to recovering their unpaid wages, the Lead Plaintiffs and the Class Members are entitled to recover an additional amount equal to their unpaid wages as liquidated damages pursuant to 29 U.S.C. § 216(b).

### ATTORNEY'S FEES

44.     The Lead Plaintiffs and the Class Members are entitled to recover reasonable and necessary attorney's fees and costs as required by 29 U.S.C. § 216(b).

### JURY DEMAND

45.     Plaintiffs hereby demand a trial by jury.

### PRAYER FOR RELIEF

THEREFORE, the Lead Plaintiffs hereby request that the Court certify this matter as an opt-in Collective Action pursuant to the Fair Labor Standards Act and, moreover, that the Court enter judgment in favor of them and the Class Members awarding:

(a)     All unpaid wages owed under the Fair Labor Standards Act;
(b)     Liquidated damages in an amount equal to all unpaid wages owed under the Fair Labor Standards Act;
(c)     Reasonable and necessary attorneys' fees, costs, and expenses of this action as provided by the Fair Labor Standards Act;

(d)     A finding that Defendants' violations of the Fair Labor Standards Act were willful;

(e)     pre- and post-judgment interest; and

(f)     All such other and further relief to which Plaintiffs and the Class Members may be entitled.


Respectfully submitted,

DOW GOLUB REMELS & GILBREATH, PLLC

 /s/ Andrew S. Golub
Andrew S. Golub
asgolub@dowgolub.com
S.D. Tex. No. 13812
Texas Bar No. 08114950
2700 Post Oak Blvd., Suite 1750
Houston, Texas 77056
Telephone: (713) 526-3700
Facsimile: (713) 526-3750
**ATTORNEYS FOR PLAINTIFFS**

EXHIBIT A

## CONSENT TO BECOME A PARTY PLAINTIFF

Name: Jose Antonio Flores

1. I consent and agree to pursue my claims of unpaid overtime and/or minimum wage through a lawsuit filed against my employer, FS Blinds, LLC, and any associated persons or entities.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act. I hereby consent, agree and opt-in to become a plaintiff herein and be bound by any judgment by the Court or any settlement of the action.

3. I hereby designate Andrew S. Golub and the law firm of Dow Golub Remels & Gilbreath, PLLC, to represent me in connection with my claim for unpaid overtime in this matter.

4. I intend to pursue my claim individually, unless and until the court certifies this case as a collective or class action. I also agree to serve as the class representative if the court approves. If someone else serves as the class representative, then I designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with the plaintiffs' counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.

5. In the event the case is certified and then decertified, to the extent necessary I authorize Plaintiffs' counsel to use this Consent Form to re-file any claims in a separate or related action against my employer.

(Signature) _____        (Date Signed) 10/5/19.

EXHIBIT B

## CONSENT TO BECOME A PARTY PLAINTIFF

Name: Jean Paul Romero Rodríguez

1. I consent and agree to pursue my claims of unpaid overtime and/or minimum wage through a lawsuit filed against my employer, FS Blinds, LLC, and any associated persons or entities.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act. I hereby consent, agree and opt-in to become a plaintiff herein and be bound by any judgment by the Court or any settlement of the action.

3. I hereby designate Andrew S. Golub and the law firm of Dow Golub Remels & Gilbreath, PLLC, to represent me in connection with my claim for unpaid overtime in this matter.

4. I intend to pursue my claim individually, unless and until the court certifies this case as a collective or class action. I also agree to serve as the class representative if the court approves. If someone else serves as the class representative, then I designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with the plaintiffs' counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.

5. In the event the case is certified and then decertified, to the extent necessary I authorize Plaintiffs' counsel to use this Consent Form to re-file any claims in a separate or related action against my employer.

(Signature) _____

(Date Signed) 10/5/19

EXHIBIT C

## CONSENT TO BECOME A PARTY PLAINTIFF

Name: Brandon Villarreal

1. I consent and agree to pursue my claims of unpaid overtime and/or minimum wage through a lawsuit filed against my employer, FS Blinds, LLC, and any associated persons or entities.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act. I hereby consent, agree and opt-in to become a plaintiff herein and be bound by any judgment by the Court or any settlement of the action.

3. I hereby designate Andrew S. Golub and the law firm of Dow Golub Remels & Gilbreath, PLLC, to represent me in connection with my claim for unpaid overtime in this matter.

4. I intend to pursue my claim individually, unless and until the court certifies this case as a collective or class action. I also agree to serve as the class representative if the court approves. If someone else serves as the class representative, then I designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with the plaintiffs' counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.

5. In the event the case is certified and then decertified, to the extent necessary I authorize Plaintiffs' counsel to use this Consent Form to re-file any claims in a separate or related action against my employer.

(Signature) _____     (Date Signed) 10-5-19