United States District Court
Southern District of Texas
**ENTERED**
February 01, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSE FLORES, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:19-CV-04114 |
| § | |
| FS BLINDS, LLC, § | |
| § | |
| Defendant. § | |

## **ORDER**

Before the Court are three motions: first, Plaintiffs' Partial Motion for Summary Judgment Regarding Affirmative Defenses (Doc. #27), Defendant's Response (Doc. #33), and Plaintiffs' Reply (Doc. #36); second, Plaintiffs' Motion for Summary Judgment Regarding Liability and Damages (Doc. #28) and Defendant's Response (Doc. #32); and third, Defendant's Motion for Summary Judgement (Doc. #29), Plaintiffs' Response (Doc. #35), and Defendant's Reply (Doc. #37). Having reviewed the parties' arguments and applicable law, the Court denies both of Plaintiffs' Motions and grants Defendant's Motion for Summary Judgment.

**I.    Background**

    **a.  Factual Background**

Plaintiffs Jose Flores ("Flores"), Jean Romero-Rodriguez ("Rodriguez"), and Brandon Villarreal ("Villarreal") (collectively, "Plaintiffs") bring this Fair Labor Standards Act ("FLSA") over-time-pay suit against Defendant FS Blinds, LLC ("Defendant"). Doc. #1. Defendant sells and installs blinds and window coverings primarily for new home builders in the Houston area. Doc. #28, Ex. 1 at 6. Plaintiffs worked for Defendant as installers. Doc. #28, Ex. 1. Flores worked

for Defendant from April 2018 through October 2019.  Doc. #29, Ex. E at 1–2.  Villareal worked for Defendant from August 2018 to April 2020, missing fifteen weeks during that time span.  *Id.* at 4–5.  Rodriguez worked for Defendant from March 2019 to October 2019, missing at least one week during that time span.  *Id.* at 3.  Plaintiffs sometimes worked less than five days in a week.  Doc. #29, Ex. A at 21 and Ex. F at 34.

### b. Procedural Background

Plaintiffs originally brought this suit as a collection action, failed to move for conditional certification, and now proceed without representing a class.  Doc. #1; Doc. #33 at 10–11.  Plaintiffs move for summary judgment regarding certain affirmative defenses asserted by Defendant, arguing that they are unavailable in FLSA cases and have no factual support.  Doc. #27.  Plaintiff separately moves for summary judgment as to liability and damages, arguing that there is no dispute of material fact that Plaintiffs were employees for purposes of the FLSA as a matter of law and that they worked an average of 70 hours a week.  Doc. #28.  Lastly, Defendant moves for summary judgment, arguing that Plaintiffs' claims fail as a matter of law because (1) they are independent contractors, not employees, and alternatively, (2) Plaintiffs cannot establish they performed uncompensated overtime work.

## II.  Legal Standard

Summary judgment is proper where there is no genuine dispute of material fact and the moving party is entitled to a judgment as a matter of law.  FED. R. CIV. P. 56(a).  A district court "may accept as undisputed the movant's version of the facts and grant [the] motion . . . when the movant has made a prima facie showing of entitlement to summary judgment." *Better Bags, Inc. v. Ill. Tool Works, Inc.*, 939 F. Supp. 2d 737, 740 (S.D. Tex. 2013).  Additionally, "even where the underlying facts are undisputed, . . . the court must indulge every [r]easonable inference from those

facts in favor of the party opposing the motion." *Am. Tel. & Tel. Co. v. Delta Commc'ns Corp.*, 590 F.2d 100, 101–02 (5th Cir. 1979).  However, summary judgment "may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Rogers v. Bromac Title Servs., LLC*, 755 F.3d 347, 350 (5th Cir. 2014).

**III.   Analysis**

Plaintiffs and Defendant both move for summary judgment based upon the Plaintiffs' employee status.  The Fifth Circuit applies the economic realities test, five non-exhaustive factors, to determine whether plaintiffs are employees or independent contractors: "(1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer, (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer, (4) the skill and initiative required in performing the job, and (5) the permanency of the relationship." *Parrish v. Premiere Directional Drilling, L.P.*, 917 F.3d 369, 379 (5th Cir. 2019).  "[N]o single factor is determinative," and not all factors must be met to find an employee or contractor relationship exists.  *Id.* at 380.  Defendants argue that, under the economic realities test, Plaintiffs were independent contractors as a matter of law.  Doc. #29 at 1.  Plaintiffs argue that, under the same test, they were employees as a matter of law.  Doc. #28 at 7.  Considering all of the evidence, the Court determines that a genuine question of material fact exists regarding Plaintiffs' employee status and therefore summary judgment is denied on those grounds.

Defendant also moves for summary judgment on the grounds that even if Plaintiffs were employees subject to the FLSA, their claim for unpaid overtime still fails as a matter of law due to lack of supporting evidence.  Doc. #29 at 15.  In opposition, Plaintiffs alternatively move for summary judgment regarding liability and damages based on their overtime allegations.  Doc. #28 at 17.  Under the FLSA, "an employee who brings suit for unpaid overtime compensation bears

3

the burden of proving, with definite and certain evidence, that he performed work for which he was not properly compensated." *Garner v. Chevron Phillips Chem. Co.*, L.P., 834 F. Supp. 2d 528, 545–46 (S.D. Tex. 2011). A plaintiff meets this burden if he: (1) proves by a preponderance of the evidence he in fact worked overtime and was not properly paid, and (2) produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. *Kirk v. Invesco, Ltd.*, 700 F. App'x. 334, 336 (5th Cir. 2017). Where an employer does not keep adequate records of its employees' overtime, "an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *In re Williams*, 298 F.3d 458, 463 (5th Cir. 2002). "In order to raise a just and reasonable inference as to the amount and extent of [Plaintiffs'] work, an employee need not prove the precise extent of uncompensated work . . . [b]ut an employee must provide more than mere unsubstantiated assertions." *Kirk*, 700 F. App'x at 336. "[A]n unsubstantiated and speculative estimate of uncompensated overtime does not constitute evidence sufficient to show the amount and extent of that work as a matter of just and reasonable inference." *Ihegword v. Harris. Cty. Hosp. Dist.*, 929 F. Supp. 2d 635, 668 (S.D. Tex. 2013).

In support of their unpaid overtime claims, Plaintiffs offer their own deposition testimonies as well as the deposition testimonies of FS Blinds executives, Robert Simpson and William Beinlich. Doc. #28 at 5, 18–19. Plaintiffs estimate that they averaged 70 hours of work per week. Doc. #28, Ex. 1, at 93–94, 105, 116–17. Plaintiffs use William Beinlich's deposition testimony to show that Defendant did not maintain time records of Plaintiffs' work hours, thus lowering Plaintiffs' evidentiary burden of proof regarding time overtime worked. Doc. #28, Ex. 1 at 47. Plaintiffs use Robert Simpson's deposition testimony to show that the company had no position

on how many hours installers worked in a typical workweek. Doc. #28, Ex. 1 at 19. Plaintiffs also point to his testimony wherein he stated that if he had to guess the numbers of hours worked, it would be between 30 and 50 hours, requiring overtime. *Id.* at 24. Lastly, Plaintiffs submit a spreadsheet calculating damages for the Plaintiffs based upon the alleged 70-hour work week. Doc. #28, Ex. 1 at 203–08. The spreadsheet assumes that Plaintiffs worked 70 hours per week, every week that they worked. *Id.*

Defendant argues that Plaintiffs' fail to substantiate their overtime claims with any specific facts, relying on conclusory and speculative assertions. Doc. #29 at 17. Although each Plaintiff estimated that their average work week was 70 hours, those estimations have numerous shortcomings. Rodriguez "guessed" that 70 hours a week was his "best average" and admitted he had no way of explaining how he worked over 40 hours a week. Doc. #29, Ex. 7 at 50, 63–64. Villareal was unable to explain how he worked over 40 hours in any workweek. Doc. #29, Ex. A at 26. Most damaging to Plaintiffs' claim is their unwavering stance that they worked 70 hours per week even on weeks when doing so would be impossible because of only working one, two, or three days. Rodriguez admits it would be impossible for him to work 70 hours in a week where he reportedly only worked one day. Doc. #29, Ex. 7 at 58–60. Evidence shows that for at least one pay period, Villarreal only worked one day. *See* Doc. #29, Ex. 30. Moreover, evidence of varying compensation from week to week makes a consistent 70-hour workweek impossible. Rodriguez's weekly compensation varied from $180 to over $1600, meaning that the number of weekly jobs he worked also varied. Doc. #29, Ex. 7 at 35–40. Similarly, Flores's weekly compensation varied, with him making as little as $510 in one week, suggesting that his weekly number of jobs also varied. Doc. #29, Ex. 14 at 180–83. Even with the lowered burden of proof,

5

the Court finds the Plaintiffs' evidence cannot create a just and reasonable inference of overtime worked and therefore fails as matter of law.

Because the Court concludes Plaintiffs' FLSA claims fail as a matter of law, the Court need not consider Plaintiff's Motion for Summary Judgment Regarding Affirmative Defenses, and it is denied as moot.

### IV. Conclusion

For the foregoing reasons, the Court concludes that Plaintiffs fails to meet their burden of producing sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The Court finds that Plaintiffs have not offered evidence to create a genuine dispute of material fact as to their overtime worked. Accordingly, Defendant's Motion for Summary Judgment is GRANTED, both of Plaintiffs' motions are DENIED, and this case is hereby DISMISSED.

It is so ORDERED.

February 1, 2022
Date

The Honorable Alfred H. Bennett
United States District Judge